IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Teamsters Local 727 Trade Show 401(k) Plan, by and through its Board of Trustees, John T. Coli, Jr., Michael McManus, Pete Carroll, and Dennis Sullivan, | : : : : : | Case No. |
| *Plaintiff,* | : : | Hon. |
| v. | : : | Hon. |
| Live Nation Chicago, Inc., | : : : | |
| *Defendant*. | : | |

## COMPLAINT

Plaintiff Teamsters Local 727 401(k) Plan ("Plaintiff" or "Fund"), pursuant to the Employment Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1132 and 1145 and the Labor Management Relations Act of 1947, as amended (the "LMRA"), 29 U.S.C. §185, hereby brings this complaint (the "Complaint") against Defendant Live Nation Chicago, Inc. ("Defendant" or "Live Nation") and states:

### Introduction

1.  Defendant has violated ERISA and breached a collective bargaining agreement by failing to pay required contributions to Plaintiff. Plaintiff asks this Court to order Defendant to: (a) pay amounts equal to all contributions owed to Plaintiff; (b) pay any additional amounts that may be found due and owing to Plaintiff during the pendency of this litigation; and (c) pay all interest, liquidated damages, audit fees, attorneys' fees, and costs to which Plaintiff is entitled.

### Jurisdiction and Venue

2.  This dispute arises under the laws of the United States.

1

3. The Court has jurisdiction over this action pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Sections 502(a)(3), 502(e)(1), 502(e)(3), 502(g)(2) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), 1132(e)(1), 1132(e)(3), 1132(g)(2) and 1145.

4. Defendant, at all relevant times in this Complaint, operated in Cook County. Therefore, jurisdiction in the Eastern Division of the U.S. District Court for the Northern District of Illinois is appropriate.

5. Venue is proper in this Northern District of Illinois pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a); Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).

### Parties

**Plaintiff Teamsters Local 727 401(k) Plan**

6. Plaintiff is a jointly administered, multiemployer employee retirement plan within the meaning of Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and Sections 3(2) and Sections 3(2) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A). Plaintiff's business address is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

7. Plaintiff is administered by a joint labor-management Board of Trustees in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and exists for the exclusive purpose of providing retirement benefits to its participants and beneficiaries and defraying the reasonable expenses of administering the plan, in accordance with Section 404 of ERISA, 29 U.S.C.§ 1104. Plaintiff receives contributions from employers that are parties to collective bargaining agreements with the International Brotherhood of Teamsters Local Union No. 727 (the "Union").

2

8. John T. Coli, Jr. ("Coli, Jr."), Michael McManus ("McManus"), Pete Carroll ("Carroll"), and Dennis Sullivan ("Sullivan") are Trustees of Plaintiff pursuant to the Fund's Agreement and Declaration of Trust ("Fund Trust Agreement"). *Exhibit A, Fund Trust Agreement.* Coli, Jr., McManus, Carroll, and Sullivan are fiduciaries of Plaintiff as such term is defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Coli, Jr., McManus, Carroll, and Sullivan's business address as Trustees of Plaintiff is 1300 W. Higgins Road, Suite 103, Park Ridge, IL 60068.

**Defendant Live Nation Chicago, Inc.**

9. At all times relevant to this Complaint, Defendant operated in in Chicago, Illinois.

10. Defendant's principal place of business is located at 2000 S. Loop South, Suite 1300, Houston, Texas 77027.

11. Defendant is an employer within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a); and Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

## General Allegations

12. On or around March 28, 2011, Defendant executed a compliance agreement (the "Compliance Agreement") with the Union. *Exhibit B, Compliance Agreement.*

13. Consistent with its representative's signature on the Compliance Agreement, Defendant agreed to be bound by the terms of the Trade Show Industry Collective Bargaining Agreement ("CBA"), including modifications to the CBA. *Exhibit B, Compliance Agreement* ¶1*; Exhibit C, CBA*.

14. Defendant is bound by the terms of the CBA

15. At all times relevant to this action, the CBA was in effect.

**The CBA Requires Defendant To Pay Contributions,
Pay Liquidated Damages, And Submit Remittance Reports**

16. The CBA's Article 20 governs contributions to Plaintiff.

17. Pursuant to the CBA, at Article 20, Sections 20.1 to 20.3, Defendant was required to make hourly contributions to Plaintiff. *Exhibit C, CBA pp. 11-12, §§ 20.1 to 20.3.*

18. Pursuant to the CBA, Defendant agreed to be bound to the Fund Trust Agreement. The CBA, at Article 20, Section 20.2, states in relevant part:

> The Company (a) adopts and agrees to be bound by the Teamsters Local Union No. 727 Health and Welfare Fund's Trust Agreement, and as it may be amended hereafter, as fully as if the Company was an original party thereto, (b) designates the Trustees named in the respective Trust Agreement, together with their successors, as its representatives on the Board of Trustees of the Fund, and (c) agrees to be bound by all actions taken by the Board of Trustees pursuant to the powers granted them by federal law or the respective Trust Agreement, hereby waiving all notice thereof and ratifying all actions already taken or to be taken by the Trustees within the scope of their authority.

*Exhibit C, CBA p. 11, § 20.2.*

19. The Fund Trust Agreement, at Article III, Section 4, includes a provision for the collection of delinquent contributions which, in relevant part, states:

> The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or such other person when directed by such committee or by the Trustees, shall have the power to demand and collect the Employer Contributions owed to the Trust Fund by the Employers. The Board of Trustees shall take such steps, including the institution and prosecution of, and intervention in, any legal proceedings as the Trustees in their discretion deem in the best interest of the Fund to effectuate the collection or preservation of Employer Contributions or other amounts which may be owed to the Trust Fund.

*Exhibit A, Fund Trust Agreement p. 7, Article III, § 4.*

20. The Fund Trust Agreement, at Article IV, Section 9, includes a provision allowing Plaintiff's Trustees to formulate binding rules regarding the administration of the Trust which, in relevant part, states:

4

> The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of this Agreement, applicable law, and the terms of the underlying 401(k) Plan. All rules and regulations adopted by action of the Trustees for the administration of the Trust Fund shall be binding upon all parties hereto, all parties dealing with the Trust, and all persons claiming any benefits hereunder. The Trustees are vested with discretionary and final authority in adopting rules and regulations for the administration of the Trust Fund.

*Exhibit A, Fund Trust Agreement p. 9.*

21. The Fund Trust Agreement, at Article III, Section 5, includes a provision requiring employers, such as Defendant, to produce records. That Section 5, in relevant part, states:

> Each Employer shall promptly furnish to the Trustees, upon reasonable demand, the names of its hourly Employees, their Social Security numbers (if the Employer has this information), the hours worked by each Employee and past industry employment history in its files and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust, upon reasonable advance notice to the Employer.

*Exhibit A, Fund Trust Agreement p. 7.*

22. Consistent with the Fund Trust Agreement, the Trustees established a policy for the collection of contributions which requires employers to submit signed remittance reports together with their monthly contributions.

23. In each remittance report, an employer is required to identify: (a) the employees for whom contributions are due and owing; (b) the number of hours worked by each employee; (c) wages paid to each employee; and (d) the contribution amount owed for each employee.

5

24. A copy of the collection policy, entitled "STATEMENT OF COLLECTION PROCEDURES" (the "Collection Policy") was provided to Defendant. *Exhibit D, Collection Policy.*

25. Plaintiff is entitled to interest and liquidated damages on late-paid contributions as required by the Fund Trust Agreement, Compliance Agreement, CBA, and the Collection Policy.

**ERISA Requires Defendant To Make Its
Contributions And Entitles Plaintiff To Relief**

26. Section 404 of ERISA, 29 U.S.C. § 1104 imposes a duty on fiduciaries to both determine the contributions owed to the plan and to collect amounts owed.

27. Section 515 of ERISA, 29 U.S.C. § 1145, requires Defendant to make contributions. That Section states, in relevant part:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

28. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), indicates that, when courts rule upon collection actions, they "shall award" the unpaid contributions, interest, liquidated damages, and/or attorney's fees. That Section states, in relevant part:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by Defendant, and (E) such other legal or equitable relief as the court deems appropriate.

## Count I
### Delinquent Contributions

29. Plaintiff incorporates by reference paragraphs 1 through 28 *supra* as though fully set forth herein.

30. Pursuant to the CBA, Defendant is obligated to pay contributions to Plaintiff on behalf of all employees performing bargaining unit work.

31. Based on remittance reports submitted by Defendant, Plaintiff has determined the amount of unpaid contributions owed by Defendant.

32. As of May 2022, Defendant is delinquent in its making contributions to Plaintiff in the amount of $20,972.25.

33. As of May 2022, interest on said delinquent contributions owed to Plaintiff totals at least $1,777.52. Interest continues to accrue until the contributions are paid in full.

34. As of May 2022, Defendant owes liquidated damages to Plaintiff in the amount of at least $2,097.25. *See 29 U.S.C. § 1132(g)(2)(C)*.

35. As provided in 29 U.S.C. § 1132(g)(2)(C), Plaintiff's damages will increase if and when the accruing interest due on Defendant's delinquent contributions exceeds 20% of Defendant's delinquent contributions. *29 U.S.C. § 1132(g)(2)(C)* (providing that damages for civil enforcement of ERISA shall include, among other things, the greater of (a) the interest due on the unpaid contributions, or (b) 20% of delinquent contributions).

36. Pursuant to 29 U.S.C. § 1132(g)(2)(D), Defendant is obligated to reimburse the Plaintiff for the reasonable attorneys' fees and costs that Plaintiff incurs to collect the contributions owed.

37. Plaintiff has demanded payment of the amounts owed.

38. Defendant has failed and refused to pay the contributions.

39. Plaintiff has been economically harmed by Defendant's failure to make contribution payments as required by the Fund Trust Agreement, Compliance Agreement, CBA, Collection Policy, and ERISA.

40. Defendant's failure and refusal to pay contributions to Plaintiff as required violates Section 515 of ERISA, 29 U.S.C. § 1145.

WHEREFORE, Plaintiff asks that the Court:

(a) Enter judgment in favor of the Plaintiff and against Defendant;

(b) Order and compel Defendant to pay all contributions owed to Plaintiff, plus interest, liquidated damages, audit fees, reasonable attorneys' fees, and costs;

(c) Order and compel Defendant to pay any and additional contribution amounts that may be found due and owing to Plaintiff during the pendency of this litigation, together with interest, liquidated damages, audit fees, reasonable attorneys' fees, and costs;

(d) Retain jurisdiction of this cause pending compliance with this Court's orders; and

(e) Order such other and further relief that the Court deems just and appropriate.

Dated: June 2, 2022                                   Respectfully submitted,

                                                By: _s/ Richard L. Miller II_
                                                      One of Plaintiff's Attorneys

Richard L. Miller II
rmiller@ctmlegalgroup.com
Jonathan Magna
jmagna@ctmlegalgroup.com
William Tasch
wtasch@ctmlegalgroup.com
CTM Legal Group
77 West Washington Street, Suite 2120
Chicago, Illinois 60602
Phone: 312.818.6700

*Counsel to Plaintiff Teamsters Local Union No. 727 Benefit Funds and Trustees*